**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 14, 2016

LETTER TO COUNSEL

RE:     *Karen Miller v. Carolyn Colvin;*
        Civil No. SAG-15-3536

Dear Counsel:

On November 20, 2015, Plaintiff Karen Miller petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI").  (ECF No. 1).  I have considered the parties' cross-motions for summary judgment and Ms. Miller's Reply.  (ECF Nos. 19, 20, 21).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2016).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Ms. Miller filed her claim for SSI on March 6, 2012.  (Tr. 122-30).  She alleged a disability onset date of August 1, 1990.  *Id.* at 122.[1]  Her claims were denied initially and on reconsideration.  (Tr. 51-56, 58-71).  A hearing was held on May 22, 2014, before an Administrative Law Judge ("ALJ").  (Tr. 22-50).  Following the hearing, the ALJ determined that Ms. Miller was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 8-21).  The Appeals Council denied Ms. Miller's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Miller suffered from the severe impairments of hepatitis, depression, and anxiety.  (Tr. 13).  Despite these impairments, the ALJ determined that Ms. Miller retained the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except posturals activities are all occasional, but she must avoid climbing ladders, ropes and scaffolds.  She can perform simple unskilled work that does not involve production pace work and is low in stress with only occasional changes in the work setting, and only occasionally using judgment or making decisions."  (Tr. 16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Miller could perform jobs

---

[1] Both Ms. Miller and the ALJ record an SSI claim protective filing date of February 15, 2012 and an alleged disability onset date of January 1, 2005.  Pl.'s Mot. 1.  (Tr. 11).  Although Ms. Miller's SSI application reveals the correct dates to be March 6, 2012 and August 1, 1990, respectively, any error from the ALJ's citation to incorrect dates is harmless.  (Tr. 122-30).

existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 19-21).

Ms. Miller's primary argument on appeal is that the ALJ's determination regarding her RFC is unsupported by substantial evidence pursuant to 42 U.S.C. § 405(g). Pl.'s Mot. 3-4, 7-9. In particular, Ms. Miller argues that the ALJ failed to determine that Ms. Miller's bilateral lower extremity cellulitis 1) constituted a severe impairment and 2) resulted in limitations that should have been considered in formulating the RFC. *Id.* at 7-9. These arguments lack merit and are addressed below.

## I.   Severe Impairment Issue

Ms. Miller argues that the ALJ erred by not determining that her "bilateral lower extremity cellulitis" constitutes a severe impairment. Pl.'s Mot. 7-14. At Step Two, the ALJ must determine whether the claimant has a severe impairment. *See* 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(a)(4)(ii). An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *See Johnson v. Astrue*, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). As such, I begin by noting that Ms. Miller never raised her lower extremity cellulitis and edema as impairments which contributed to her disability. In her initial application for SSI, as well as during the hearing before the ALJ, Ms. Miller identified hepatitis, depression, anxiety, and back pain as sources of her difficulties with daily life and her inability to work. (Tr. 23-50, 122-30). When the ALJ inquired about any limitations as to Ms. Miller's ability to sit, stand, or walk, Ms. Miller pointed to her back and shoulder pain, but made no mention of cellulitis. (Tr. 39-41). Ultimately, when Ms. Miller's representative prompted her to discuss "complaints of redness and swelling in [her] legs," she explained that those ailments related to her hepatitis. (Tr. 46). Ms. Miller also stated that she used a compression device and Prednisone to relieve her leg swelling. *Id.*

Nonetheless, contrary to Ms. Miller's claim that the ALJ made "absolutely no mention of Plaintiff's cellulitis and lower extremity edema throughout the … decision," Pl.'s Mot. 9, the ALJ did in fact expressly address these symptoms and the underlying evidence in support thereof. (Tr. 16, 18-19). The ALJ noted that Ms. Miller complained "that the symptoms related to hepatitis limit[ed] her ability to function. She has experienced fatigue and lower extremity swelling. The claimant admitted to being non-compliant with following treatment as prescribed and stated that she no longer takes medication for hepatitis. Lower leg extremity swelling still occurs, but Prednisone has proved helpful." (Tr. 16). In light of Ms. Miller's statements, the ALJ later discussed and cited to the medical evidence of record relating to the lower extremity rash and edema, noting that "the claimant admitted that the rashes got better by themselves [and that] [i]maging of the lower bilateral extremities showed no evidence of deep venous thrombosis." (Tr. 18) (citing to Exhibits 1F, 5F, 7F, 8F). Nor did the record "contain any opinions from claimant's primary … treating or examining physicians indicating that the claimant is disabled or even *has limitations greater than those determined in this decision*." (Tr.

*Miller v. Colvin*
Civil No. SAG-15-3536
November 14, 2016
Page 3

19) (emphasis added).  In addition, other references to swelling, rashes, and edema in the medical evidence of record, *see* Pl.'s Mot. 11-13 and Def.'s Mot. 2-4, reveal the ALJ's narrative and findings regarding these symptoms to be reasonable.  Based on the above evidence, the ALJ fairly concluded that the bilateral lower extremity cellulitis had no more than a *de minimis* effect on Ms. Miller's ability to work.  *Id.*

Moreover, even if the ALJ had erred in her evaluation of Ms. Miller's bilateral lower extremity cellulitis at Step Two, such error would be harmless.  Because Ms. Miller made the threshold showing that her hepatitis, depression, and anxiety constituted severe impairments, the ALJ continued with the sequential evaluation process and properly considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Miller's ability to work.  *See* 20 C.F.R. §§ 404.1523, 416.923.  Ms. Miller avers that the ALJ's failure to deem the bilateral lower extremity cellulitis a severe impairment is material error because, "under any sedentary finding," Plaintiff would be considered disabled under Rule 201.12 of the Medical-Vocational Guidelines ("Grids").  Pl.'s Mot. 8 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.12).  However, Ms. Miller's argument depends on an assumption upon which she cannot rely – that the ALJ would have limited her to sedentary work had she determined the bilateral lower extremity cellulitis to be a severe impairment.  As noted above, the ALJ did not find, nor does the medical evidence of record or Ms. Miller's own testimony support, limitations on Ms. Miller's ability to sit, stand, walk or lift necessitated by her lower extremity swelling and rashes.  Any Step Two error, then, does not necessitate remand.

## II.    Substantial Evidence to Support RFC

Ms. Miller also argues that the ALJ failed to consider the limitations stemming from her bilateral lower extremity cellulitis as part of the RFC assessment and, as such, the RFC findings are unsupported by substantial evidence.  Pl.'s Mot. 14-17. I disagree.  "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence..."  SSR 96-8p, 1996 WL 374184, at *7.  Here, the ALJ provided a narrative discussion of the medical and non-medical evidence relating to Ms. Miller's hepatitis, depression, anxiety, related mental health problems, and hospitalizations.  *See* (Tr. 16-19).  As discussed in detail above, the ALJ considered Ms. Miller's bilateral lower extremity cellulitis in the context of her hepatitis diagnosis and appropriately cited to the medical evidence of record as the basis of her findings regarding that condition.  Ms. Miller supplies two references to her lower extremity rashes and edema in the medical records which she argues the ALJ erroneously disregarded.  Pl.'s Mot. 16 (citing Tr. 278, 638).  Ms. Miller visited with her primary care physician, Dr. Mohammad Afzal, on December 27, 2011, where she presented with edema on her legs, arms, and abdomen of "sharp" quality, "moderate" severity, onset of less than once a week, and intermittent frequency. (Tr. 278).  The record notes that Ms. Miller's edema is "aggravated by walking."  *Id.*  On March 11, 2013, Ms. Miller visited the emergency room at Union Hospital complaining of "extremity pain [and] [e]xtremity swelling" which she characterized as "chronic edema in [both] legs due to hepatitis C." (Tr. 640).  During this visit, Ms. Miller was found to have "benign leg edema." (Tr. 638).  The record reflects that in less than two hours, Ms. Miller's condition was "[i]mproved" and "[s]table." *Id.*  Ms. Miller was

*Miller v. Colvin*
Civil No. SAG-15-3536
November 14, 2016
Page 4

prescribed Lasix and educated "on [the] need for elevation and compression stockings," with no reference made to the frequency or duration required for either intervention. *Id.* Though not highlighted by Ms. Miller, the record shows that she also visited the emergency room at Union Hospital on December 28, 2012, complaining of a skin rash described as "hives" on her arms, legs, and abdomen resulting in a "burning" type pain. (Tr. 636). After receiving Solumedrol for inflammation and Percocet for pain, Ms. Miller's condition improved within two hours and she was sent home. (Tr. 634). A similar emergency room visit took place on August 18, 2012, where Ms. Miller's cellulitis was described as "acute." (Tr. 630-33). In sum, Ms. Miller's medical records reflect that she suffers from lower extremity edema for which she seeks medical attention on average about once every six months, demonstrates improved condition within about two hours after receiving medication, and on at least one occasion was told by a physician that she needed to elevate her legs and use compression stockings for an unspecified duration and frequency. Despite Ms. Miller's contention that these records "clearly" show that the "lower extremity cellulitis would effect [sic] her ability to stand and walk for prolonged periods of time," these specific records – and the record evidence generally – do not support such a statement. Nor, consequently, are they inconsistent with the ALJ's RFC finding of an ability to perform light work. Therefore, I do not find remand to be necessary.

For the reasons set forth above, Ms. Miller's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge